UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
AEROTEL, LTD.,
:
                Plaintiff,
:
          - against -
:
VERIZON COMUNICATIONS INC.,
CELLCO PARTNERSHIP a/k/a and
d/b/a VERIZON WIRELESS, VERIZON
SELECT SERVICES INC., and CODETEL
INTERNATIONAL COMMUNICATIONS
INCORPORATED,
:
                Defendants.
:
------------------------------------x

05 CV 0120 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/05

In this action, plaintiff Aerotel, Ltd., the holder of a patent related to pre-paid telephone calling cards, seeks damages from defendants for breach of a licensing agreement, and a declaratory judgment that certain of defendants' products and services "are covered by and, unless licensed would infringe" plaintiff's patent.

Defendants have moved pursuant to Rule 42 of the Federal Rules of Civil Procedure to consolidate this case with Aerotel, Ltd., et al. v. IDT Corp. et al., 03-CV-6496 (RJH) currently pending before Judge Holwell. The motion is denied.

BACKGROUND

The present case arises from a license agreement (the "Agreement"), dated October 3, 1994, under which defendants were allegedly granted a non-exclusive license under plaintiff's patent, U.S. Patent No. 4,706,275 (the "Patent") to use plaintiff's prepaid telephone card technologies in exchange for the payment of certain royalties. In their amended complaint, plaintiffs allege that "defendants have marketed the prepaid telephone calling cards and related telephone services which are subject to the License Agreement, but . . . have failed to pay royalties and otherwise report as required by the License Agreement." Plaintiffs seek damages for breach of contract, and a declaration that certain products and services used and marketed by defendants are covered by plaintiff's patent. In their answer, filed on June 9, 2005, defendants responded that they have not breached the Agreement and that the plaintiff's "Patent is invalid." At a conference on May 6, 2005 the court ordered discovery to be completed within nine months.

In Aerotel, Ltd., et al. v. IDT Corp. et al., 03-CV-6496 (RJH), Aerotel has asserted that the defendants IDT Corp. and Union Telecard Alliance, LLC (collectively "IDT") have infringed the Patent by using, offering to sell, and selling products and services related to prepaid telephone calling

2

cards which are covered by one or more claims of the Patent. No contractual relationship existed between Aerotel and IDT, and that action is solely for patent infringement. IDT's answer to the complaint, filed on October 31, 2003, asserted that the Patent is invalid, unenforceable and/or not infringed by its prepaid telephone calling cards and services. As a result of a stay imposed by the court pending the outcome of a reexamination of the Patent by the U.S. Patent Office, no substantive discovery has yet begun in the IDT litigation. The reexamination has since concluded and the stay was lifted effective October 12, 2005.

Defendants assert that the two cases are closely related because they both involve Aerotel's claims that their Patent has been infringed, and that "in each case the Court will have to determine whether the Patent is valid and whether the system through which defendants' prepaid telephone cards operate infringes that patent". Defendants further argue that the cases are related because Codetel, one of the four defendants in this case, distributes prepaid telephone cards that allow customers to make calls using a system provided by IDT. Defendants assert that the patent infringement claims in this case against Codetel, Verizon, and Verizon Select are based, in part, on prepaid, land-line telephone cards distributed by Codetel that use the IDT technology that is alleged to infringe the Patent.

Aerotel, on the other hand, argues that these cases are "fundamentally different from each other" and do not have the sort of common question of law or fact that would warrant an order of consolidation. Aerotel points out that its claim here arises from a licensing contract, whereas the IDT litigation involves no contract claims. Aerotel also correctly asserts that none of the defendants are common to both actions. As to Codetel's use of the allegedly infringing IDT technology, Aerotel asserts that "Codetel and the other defendants in the present action also utilize many different prepaid telephone cards systems and services that have no relation to IDT," and that there are at least five different allegedly infringing technologies that are being used by the defendants in the present action. Finally, Aerotel argues that consolidation of the present case with the IDT litigation would cause substantial delay and inconvenience to the parties because discovery in the present case is well under way whereas no discovery has yet taken place in the IDT litigation.

## DISCUSSION

Rule 42(a) provides that a court may order actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). In Kinberg v. Colorforms, 89-CV-1156, 1989 U.S. Dist. LEXIS

4

8360 (S.D.N.Y. July 21, 1989) the plaintiff, owner of a patent for producing "luminescent slate," alleged that Colorforms had breached its licensing agreement by failing to pay royalties, and that it had infringed the plaintiff's patent by continuing to market luminescent slates after the licensing agreement was terminated. The plaintiff had also sued a different defendant, Unimax, for infringing its patent through a different product. While the court found that the question of the validity of Kinberg's patent was common to both actions, it nevertheless denied Colorform's motion to consolidate, holding that the common factors were outweighed by the differences between the cases. In particular, the court noted that (1) the plaintiff was asserting infringement by two different parties on the basis of different products, (2) Unimax had no interest in the contract claim against Colorform since no such claim had been asserted against Unimax, and (3) judicial economy would be impeded rather than enhanced by consolidation as each defendant would have to attend to significant discovery relevant primarily to the other.

Each of these factors exists here as well, and dictates that defendants' motion be denied. While it is true that the same patent is at issue in the two cases, these actions involve entirely different defendants and, for the most part, different products. Although defendants argue that one of the same infringing products is at issue, as Codetel uses the allegedly infringing IDT technology, they do not dispute that some

5

defendants also used a number of prepaid telephone card systems and services other than those provided by IDT. The fact that one technology, used by one of the four defendants in this action, relates to one of the issues in the IDT litigation is far outweighed by the differences in the two cases, including the fact that many of the other technologies at issue here are not the subject of the IDT litigation.

Furthermore, the present action is rooted in defendants' alleged breach of its license agreement, a claim in which IDT, a non-licensee, has no interest. Finally, as in Kinberg, consolidation would sacrifice judicial economy here because the contract claim, and the numerous technologies at issue in this case that are not part of the IDT litigation, are substantial non-overlapping issues that would lead to increased discovery costs and be confusing to the jury. See Kinberg, 1989 U.S. Dist. LEXIS 8360, at *5 ("Combining two cases that include significant non-overlapping issues is a greater burden on the court than trying two relatively simple cases.")

Consolidating these actions would also significantly delay the present case in which discovery is due to be completed by early February 2006. The parties in the IDT litigation have conducted only minimal discovery, while the parties in the present case have already engaged in significant discovery currently scheduled to be completed within

6

approximately two months. See Garfinkle v. Arcata Nat'l Corp., 72-CV-5344, 1974 U.S. Dist. LEXIS 8946 (S.D.N.Y. April 17, 1974); A. Ahlstrom Corp. v. Goulds Pumps, Inc., 92-CV-584, 1992 U.S. Dist. LEXIS 14344 (N.D.N.Y. September 3, 1992).

## CONCLUSION

Defendants' motion to consolidate the present action with Aerotel, Ltd., et al. v. IDT Corp. et al., 03-CV-6496 (RJH) is denied.

Dated: New York, New York
December 6, 2005

SO ORDERED

Thomas P. Griesa
U.S.D.J.